**3BA PROPERTIES LLC, Plaintiff,**

and

**Kevin LuBahn; Brenda Ford, Plaintiffs-Appellants,**

v.

**Larry CLAUNCH; et al., Defendants-Appellees.**

**No. 14-35591**

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 21, 2016

Matthew Erik Johnson, Esquire, Attorney, Johnson Legal Group, Seattle, WA, for Plaintiffs-Appellants

Michael T. Callan, Attorney, Peterson Russell Kelly, PLLC, Bellevue, WA, for Defendants-Appellees Larry Claunch, 3BA International LLC, Ten Main Investments

David Thorner, Esquire, Thorner Kennedy & Gano PS, Yakima, WA, for Defendants-Appellees Brinette Bobb-Rounds, Oak Street Law

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Kevin LuBahn and Brenda Ford appeal from the district court's judgment dismissing their action alleging federal and state

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to effect timely service. *In re Sheehan,* 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by dismissing plaintiffs' claims against defendant Larry Claunch because plaintiffs failed to establish good cause for failure to effect timely service of the summons and complaint. *See* Fed. R. Civ. Pro. 4(f); *Brockmeyer v. May,* 383 F.3d 798 (9th Cir. 2004) (outlining the ways in which service of process may be effectuated under Rule 4(f)).

We deny appellees' requests for costs or attorney's fees on appeal, set forth in their answering brief, without prejudice to filing a motion in accordance with the Federal Rules of Appellate Procedure and Ninth Circuit Rule 39-1.6.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.